1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN DOE subscriber assigned IP address 107.199.77.48,<br><br>        Defendant. | Case No.: 3:20-cv-08362-AGT<br><br>[PROPOSED] **ORDER ON EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[AS MODIFIED]** |

      **THIS CAUSE** came before the Court upon Plaintiff's Ex Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Federal Rule of Civil Procedure 26(f) Conference (the "Application"), and the Court being duly advised does hereby:

      **FIND, ORDER AND ADJUDGE:**

      1.    Plaintiff has established that "good cause" exists for it to serve a third party subpoena on AT&T U-verse (hereinafter the "ISP"). *See UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. 2008); and *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6–7 (D.D.C. 2008);

1

[Proposed] Order on Application for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference [AS MODIFIED]
Case No. 3:20-cv-08362-AGT

2. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order;

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to one of the Defendants;

4. If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant; and

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

6. **[Modified]** Any information disclosed by the ISP regarding Defendant's identity shall be treated as confidential.

//

2

[Proposed] Order on Application for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference [AS MODIFIED]
Case No. 3:20-cv-08362-AGT

**IT IS SO ORDERED**.

Dated: January 12, 2021        By: _____
                                    United States Magistrate Judge
                                    Hon. Alex G. Tse